UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-81113-CIV-RYSKAMP/VITUNAC

YOURI WAGNER, on his own behalf
and others similarly situated,

    Plaintiff,

v.

VITACOST.COM, a Delaware Corporation,

    Defendant.
_____/

**PLAINTIFF'S, AND NETWORK ORANGE, INC.'S JOINT RESPONSE[1] IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM NON-PARTY, NETWORK ORANGE, INC., PLAINTIFF'S CURRENT EMPLOYER**

    Plaintiff, YOURI WAGNER, and NETWORK ORANGE, INC., pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby files his Response in Opposition to Defendant's Motion to Compel the production of documents from NETWORK ORANGE, INC., an entity that is not a party to this action and is Plaintiff's current employer and states:

    1.    Plaintiff opposes Defendant's Motion to Compel the production of essentially any and every record that his current employer, NETWORK ORANGE, INC., has in connection with his employment by Defendant, VITACOST.COM on the grounds that: (a) Defendant has failed to even provide the Court with the actual substance of the documents sought in its non-party subpoena, whether by intent or inadvertence, as Defendant did not file with its Motion the list of the actual

---

[1] Prior to filing the instant Response, Plaintiff's Counsel represents that he contacted NETWORK ORANGE, INC. and is authorized to represent that NETWORK ORANGE, INC.'s position opposing Defendant's Motion is set forth herein.

documents sought therein, nor did Defendant articulate any relevant or admissible evidence which would be obtained through that overreaching request; (b) a review of the records sought by Defendant, as reflected in "Exhibit A" to said subpoena which is in fact attached hereto as Exhibit 1, makes clear that Defendant has undertaken a pure fishing expedition in subpoenaing any piece of paper that Plaintiff's current employer might possibly have relating to his employment, as part of a transparent effort by Defendant to harass Plaintiff's current employer and/or attempt (unsuccessful as it may be) to cause discord between Plaintiff and his present employer.

2. As Defendant, and the Court, are aware, the issues in this case involve whether Plaintiff is owed overtime compensation under the Fair Labor Standards Act for the work Plaintiff performed for VITACOST.COM between October 2005 and November 2006. As a result, as an initial matter, any records which NETWORK ORANGE, INC. may potentially have relating to Plaintiff's employment *after* Defendant elected to terminate Plaintiff's employment in November 2006 are irrelevant to whether Plaintiff worked in excess of Forty (40) hours per week during the course of Plaintiff's employment *with Defendant* between October 2005 and November 2006 or whether the nature of the job duties Plaintiff performed *during the time* he was employed by VITACOST are such that Plaintiff in fact was a non-exempt employee (in contrast to the "exempt" classification Defendant placed on him).

3. Further, even a cursory review of Defendant's Subpoena Duces Tecum to NETWORK ORANGE, INC. bears out that the Subpoena is not narrowly tailored to obtain relevant or admissible evidence but instead is an overly broad and inappropriate attempt by Defendant to invade Plaintiff's personal and professional life–in the context of a simple overtime lawsuit–for events that have occurred long *after* Plaintiff's employment with Defendant ended. To this end, the

Subpoena expressly requests personal and confidential information relating to not only Mr. Wagner's hiring, job evaluations, and actual work at his new place of employment, but also confidential records of physical examinations, health, pension, and other fringe benefits as well as totally irrelevant records such as how many hours Plaintiff has worked for NETWORK ORANGE, INC., as set forth below:

> "Any and All records, things, objects or writings pertaining to the employment of Youri Wagner, whose date of birth is [REDACTED] and whose Social Security Number is [REDACTED], including but not limited to, any records or documents that show:
>
> 1. When Youri Wagner commenced and ended employment.
> 2. Beginning salary and any salary changes thereafter and/or records pertaining to any commissions or other methods of payment for the employees services rendered
> 3. Any and all performance evaluations and disciplinary records
> 4. Any and all documents recording dates of attendance and absences and any reasons or requests given therefore.
> 5. Copies of all pre-employment physical examination records, as well as records of any and all subsequent employment physical examinations (including doctors' reports, etc.).
> 6. Any and all records or information on benefits and/or insurance, including but not limited to pension, profit sharing, 401K plans, or any other retirement plan.
> 9. Any and all benefits, including but not limited to cafeteria plans, company provided vehicles, meal plans, bonus plans awards, child care, continuing education, parking, professional dues, flex time.
> 10. Any and all expense reports or vouchers submitted by Youri Wagner.
> 11. Any and all documents or records pertaining to termination of employment.
> 12. Any and all documents or records pertaining to unemployment compensation benefits.
> 13. A complete copy of any employment contracts with Youri Wagner.
> 14. A complete copy of Youri Wagner's job description including whether he is Exempt or Non
> Exempt.
> 15. A listing of all hours worked by Youri Wagner.

See Exhibit 1.

Accordingly, VITACOST.COM has literally demanded that Plaintiff's current employer,

NETWORK ORANGE, INC., produce to Defendant every single record or piece of paper which NETWORK ORANGE, INC. has relating to Mr. Wagner despite the fact that ***none*** of the information sought in this Subpoena could produce relevant or admissible evidence in this overtime lawsuit.

    4.  As Defendant knows (and is bound to), Fed. R. Evid. 401 and all applicable precedent thereunder clearly provide that "relevant" evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Likewise, pursuant to Federal Rule of Evidence 402, only relevant evidence is admissible. As such, even the issues of how many hours Plaintiff has worked, or what duties Plaintiff has performed for NETWORK ORANGE, INC. after Defendant terminated Plaintiff's employment, will not have any tendency to make "any fact that is of consequence to the determination of the action" more or less probable. Therefore, in the instant Motion now before the Court, there does not appear to be even a good faith basis upon which Defendant has sought to compel the production of every single record that Plaintiff's current employer might possibly having relating to Plaintiff.

    5.  Likewise, while Defendant cites to a U.S. Supreme Court case from almost fifty (50) years ago for the proposition that the discovery process in civil cases is intended to prevent litigation from becoming a "game of blindman's bluff," Defendant's reliance upon such authority is a pure red herring, as there is no "foresight" Defendant could possibly obtain into the work Plaintiff performed in the weeks and months *after* Defendant terminated his employment, and certainly not through records of medical examinations, insurance or pension benefits, and expense reports that Plaintiff may have with a subsequent employer.

6.     Significantly, the information sought in Defendant's Subpoena to NETWORK ORANGE, INC. also could not identify or uncover information which could even be arguably relevant or admissible to those facts or circumstances upon which VITACOST.COM may have relied when deciding in (or before) October 2005 that Plaintiff's work for Defendant was such that Defendant could properly classify him as "exempt"–since Defendant never had any of this information during Plaintiff's employment.  Rather, aside from simply trying to harass Plaintiff and his current employer, Defendant has also undertaken a fishing expedition to potentially create after-the-fact justifications for why Plaintiff was classified as exempt in attempting to fight off Plaintiff's claim for liquidated damages–when, as borne out by the deposition testimony of both Defendant's own employees and Plaintiff already obtained in this case, the true nature of Plaintiff's primary job duty while at VITACOST.COM was non-exempt.

7.     Next, Defendant has erroneously cited to what it identifies as Fed. R. Civ. P. "45(D)(2)(A)" in contending that a non-party who objects, as NETWORK ORANGE, INC. has in this case to producing confidential business and personnel records which bear no relation to an action in which they are not a party, is required to provide a "description of the nature of the documents, communications, or things not produced that [would be] sufficient to enable the demanding party to contest the [objection.]" To this end, Rule 45 <u>does not</u> have subsection "(D)(2)(A)." However, Rule 45 does have a subsection (d)(2) which applies when information requested in a Subpoena is "withheld on a claim that it is privileged or subject to protection as trial preparation materials," a circumstance which is not present in the instant case.

8.     Finally, as set forth in NETWORK ORANGE, INC.'s May 25, 2007 correspondence objecting to Defendant's Subpoena, NETWORK ORANGE, INC.'s "confidential personnel and

business" records are not available to the public in general and therefore are not, absent a compelling need demonstrated by VITACOST.COM, purely subject to whatever disclosure VITACOST.COM may unilaterally dictate, for to hold otherwise would entitle any business who is a party to litigation (like VITACOST) to obtain proprietary and confidential business records from another business under the pretextual guise of searching for "discovery" when no relevant or admissible basis for trampling into that other business exists.[2]  Moreover, there is nothing in general, or in particular, in Defendant's over-reaching Subpoena which supports Defendant's assertion that obtaining every record relating to Mr. Wagner in NETWORK ORANGE's possession is "necessary for the proper defense of this [overtime] case" as VITACOST hollowly claims in its Motion.

WHEREFORE, Plaintiff, YOURI WAGNER and NETWORK ORANGE, INC., respectfully request the Court deny Defendant's Motion to Compel in its entirety and issue such other and further relief as the Court deems just and appropriate.

Dated: June 6, 2007
       Boca Raton, Florida

Respectfully submitted,

**s/KEITH M. STERN**
Keith M. Stern
Fl. Bar No.: 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiff

---

[2] Defendant also appears to have failed to confer with either NETWORK ORANGE, INC. or Plaintiff's Counsel in a good faith effort to resolve the issues raised in Defendant's Motion, as required by the Local Rules for the Southern District of Florida.

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 6, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                   **s/KEITH M. STERN**
                   Keith M. Stern

**SERVICE LIST**
**CASE NO.: 06-81113-CIV-RYSKAMP/VITUNAC**

Ira P. Kerker, Esquire
2055 High Ridge Road
Boynton Beach, FL 33426
Telephone: (561) 752-8888
Fax: (561) 752-1008
Attorneys for Defendant, VITACOST.COM
Served Via CM/ECF and U.S. Mail


Arlene Vislocky
Vice-President
NETWORK ORANGE, INC.
6353 W. Rogers Circle, Suite 4
Boca Raton, FL 33487
Served Via U.S. Mail