UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81113-CIV-RYSKAMP/VITUNAC

YOURI WAGNER,

       Plaintiff,

v.

VIACOST.COM, a Delaware
Corporation,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM
NON-PARTY NETWORK ORANGE**

       THIS CAUSE comes before the Court upon Defendant's motion to compel **[DE 21]** on June 5, 2007.  Plaintiff responded **[DE 22]** on June 22, 2007.  Defendant did not reply.  This motion is now ripe for adjudication.

**I.    Introduction**

       This is an action for overtime compensation under the FLSA.  Plaintiff alleges that Defendant has conducted business in interstate commerce during Plaintiff's employ and amassed an annual gross sales volume in excess of $500,000.00.  Plaintiff argues that he worked for Defendant from October 2005 and November 2006 as a "Network Administrator."  His job duties included computer maintenance, technical support and related duties.  Plaintiff alleges that this makes him an employee conducting non-exempt computer maintenance.

       Plaintiff alleges that he worked over forty hours per week during his employ and was not properly compensated by Defendant.  He also argues that there are others similarly situated.

Defendant possesses the time sheets for all employees to prove the number of hours worked. Plaintiff seeks to recover overtime wages, liquidated damages, and attorney's fees and costs.

In this motion, Defendant argues that this Court should compel non-party Network Orange, Plaintiff's current employer, to produce numerous documents requested pursuant to a subpoena.

## II.     Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No.* 453, 190 F.R.D. 583, 585 (D. Kan.1999).

Under Rule 34(a), a party may request that another party produce documents in its possession so long as the documents are within the scope of Rule 26(b). If the opposing party objects to producing the documents, the party seeking production can file a motion to compel with the court pursuant to Rule 37. The party opposing a motion to compel has the burden to show that the discovery is improper, unreasonable, or burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). When opposing the motion, a party must show

specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden. "The resisting party must make a particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala, 1998).

The problem here is that the requested documents are not relevant to the defense of this lawsuit. Accordingly, Plaintiffs do not object that the production is burdensome, overbroad, or oppressive but rather argue that the information sought is confidential and irrelevant. As Plaintiff's objection to the motion explains, this case involves allegations that Defendant violated the FLSA by failing to pay Plaintiff overtime wages. Defendant requested documents from Plaintiff's current employer, Network Orange but has failed to offer any valid argument in support of its position that the requested documents are necessary for the defense of this case.[1] Defendant argued that discovery rules are liberal and that Network Orange failed to provide a list of confidential documents with a description of the documents not produced. That is insufficient to overcome Plaintiffs well reasoned objections to the subpoena that discovery from a company where Plaintiff began employ after Defendant fired him is irrelevant. Defendant had the opportunity to respond to Plaintiffs objections but waived that right when it failed to file a timely reply.

**III.     Conclusion**

The Court has considered the motion and the response thereto, and for the reasons stated

---

[1] Additionally, as Plaintiff correctly notes, Defendant even failed to file a complete copy of the subpoena with its motion. Missing was the appendix listing the requested documents. That information was supplied to the Court by Plaintiff.

above, it is hereby,

ORDERED AND ADJUDGED that Defendant's motion to compel **[DE 21]** is hereby **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 29 day of June, 2007.

    /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record