UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-81113-CIV-RYSKAMP/VITUNAC

YOURI WAGNER, on his own behalf
and other similarly situated,

        Plaintiff,

v.

VITACOST.COM, a Delaware
Corporation

        Defendant.
_____/

## ORDER DENYING THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss **[DE 5]**, filed on December 22, 2006.  This Court converted that Motion into a Motion for Summary Judgment **[DE 16]** on April 12, 2007.  Plaintiff responded and filed a Cross-Motion for Summary Judgment **[DE 41]** on July 10, 2007.  Defendant then filed its reply to its Motion and its response to Plaintiff's Cross-Motion **[DE 52]** on August 6, 2007.  Plaintiff filed its reply **[DE 58]** on August 16, 2007.  This Court held a hearing on the above motions on September 20, 2007.  The motions are now ripe for adjudication.

**I.**      **Introduction**

This is an action for overtime compensation under the FLSA.  Plaintiff alleges that Defendant has conducted business in interstate commerce during Plaintiff's employ and amassed an annual gross sales volume in excess of $500,000.00.  Plaintiff argues that he worked for Defendant from October 2005 and November 2006 as a "Network Administrator."  His job duties included computer maintenance, technical support and related duties.  Plaintiff alleges that this makes him an

employee conducting non-exempt computer maintenance.

Plaintiff alleges that he worked over forty hours per week during his employ and was not properly compensated by Defendant. He also argues that there are others similarly situated. Defendant possesses the time sheets for all employees to prove the number of hours worked. Plaintiff seeks to recover overtime wages, liquidated damages, and attorney's fees and costs.

In this motion, Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff is an exempt employee and therefore is not entitled to overtime compensation.

## II.   Standard of Review

A party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla fo evidence in support of [the non-moving party's] position will be insufficient[.]" *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*.

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga.,*

*Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).  The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).  The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  *See Celotex*, 477 U.S. at 322.

After reading the briefs and considering oral argument from the parties, it is apparent to this Court that issues of material fact exist.  Thus, it is improper for this Court to decide this case on summary judgment.  Accordingly, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment **[DE 5]** and Plaintiff's Cross-Motion for Summary Judgement **[DE 41]** are both DENIED.  Plaintiff's Motion to Strike **[DE 57]** is DENIED as MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24 day of September, 2007.

                                         /s/ Kenneth L. Ryskamp
                                         KENNETH L. RYSKAMP
                                         UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record